The Honorable John Keene Clerk of the Circuit Court Clay County Post Office Box 698 Green Cove Springs, Florida 32043
Dear Mr. Keene:
As clerk of the circuit court,[1] you ask substantially the following question:
Are vehicles purchased with the proceeds of the discretionary local option infrastructure sales surtax levied pursuant to section 212.055(2)(d), Florida Statutes, required to have a life expectancy of at least five years?
In sum:
Section 212.055(2)(d), Florida Statutes, expressly authorizes the use of the proceeds of the discretionary local option infrastructure sales surtax to be used for the purchase of a fire department vehicle, emergency medical service vehicle, sheriff's office or police department vehicle or any other vehicle without regard to the life expectancy of such vehicle.
Section 212.055(2), Florida Statutes, authorizes the governing body of a county to levy a discretionary sales surtax pursuant to an ordinance enacted by the majority of the county electors voting in a referendum on the surtax.[2] The tax authorized under this section is administered, collected and enforced by the Florida Department of Revenue using the same procedures as are used for the general state sales tax.[3] The proceeds from the surtax are distributed to the county and the municipalities within the county in which the surtax was collected.[4]
The funds raised by the local government infrastructure surtax and any interest earned thereon must be expended within the county "to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources. . . ."[5] The statute prohibits the use of the surtax proceeds or any interest earned thereon "for operational expenses of any infrastructure."[6]
The 1993 Legislature amended section 212.055(2)(d)2. Fla. Stat., which defines the term "infrastructure."[7] As amended, section212.055(2)(d)2., provides:
a. Any fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto. b. A fire department vehicle, an emergency medical service vehicle, a sheriff's office vehicle, a police department vehicle, or any other vehicle, and such equipment necessary to outfit the vehicle for its official use or equipment that has a life expectancy of at least 5 years.
The above language would appear to authorize the use of infrastructure surtax proceeds to acquire vehicles such as a fire department vehicle, emergency medical service vehicle, and sheriff's office or police department vehicle, and such equipment as is necessary to outfit the vehicles without the requirement that a finding be made that such vehicle has a life expectancy of at least five years. The language requiring a life expectancy of at least five years would appear instead to refer to the use of surtax proceeds to purchase other equipment. An examination of the legislative history surrounding the 1993 amendment supports such an interpretation.
The staff analysis for Committee Substitute for House Bill 729, passed by the Legislature as chapter 93-222, Laws of Florida, provides:
The bill authorizes additional uses of the local government infrastructure surtax by expanding the definition of "infrastructure" to include vehicles, such as fire engines, police cars, ambulances; any equipment necessary to outfit the vehicles; and any equipment that has a life expectancy of at least 5 years. The bill further ratifies purchases of such vehicles and equipment prior to July 1, 1993.[8]
In light of the above, I am of the opinion that pursuant to section 212.055(2)(d)2.b., Florida Statutes, the proceeds of the discretionary local option infrastructure sales surtax may be used for the purchase of such vehicles as a fire department vehicle, emergency medical service vehicle, and sheriff's office or police department vehicle without regard to the life expectancy of such vehicle.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. VIII, s. 1(d), Fla. Const. (When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds).
[2] See, s. 212.055(2)(a)1., Fla. Stat. (1993).
[3] Section 212.054(4)(a), Fla. Stat. (1993).
[4] Section 212.055(2)(c) and (d), Fla. Stat. (1993).
[5] Section 212.055(2)(d)1., Fla. Stat. (1993).
[6] Id.
[7] See, Op. Att'y Gen. Fla. 92-81 (1992), issued prior to the amendment of the definition of "infrastructure," in which this office stated that inasmuch as the statute limited the use of the proceeds to the financing, planning and construction of infrastructure, the surtax proceeds could not be used to purchase ambulances and radios for emergency medical services or automobiles and radios for the sheriff's department.
[8] See, Final Bill Analysis Economic Impact Statement on CS/HB 729, Florida House of Representatives Committee on Finance and Taxation, dated April 12, 1993. And see, Ellsworth v. Insurance Company of North America, 508 So.2d 395 (Fla. 1st DCA 1987) (appellate courts may consider legislative staff summaries in construing statutes).